UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Aura Doreli Alva Merida,<br>Plaintiff,<br><br>vs.<br><br>Director of United States Citizenship and Immigration Services,<br>Defendant. | ) | C/A: 4:25-5420-JD-TER<br><br><br>Report and Recommendation |

This is a civil action filed by a *pro se* litigant who paid the filing fee.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.* ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an

advocate.). Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012)(per curiam).

**DISCUSSION**

Plaintiff asks this court to compel Defendant USCIS to make a decision on her pending Forms I-918(Petition for U Nonimmigrant status), I-918A(Petition for Qualifying Family Member of U-1 Recipient), and I-765(Application for Employment Authorization) within 14 days. (ECF No. 1). Plaintiff alleges she completed these forms in December 2024 and received receipt numbers. (ECF No. 1 at 4). Plaintiff alleges there has been no action on her forms and this delay has been harmful. (ECF No. 1 at 5). Plaintiff alleges her claims are under the APA.[1]

In *Lovo v. Miller*, 107 F.4th 199 (4th Cir. 2024), the Fourth Circuit addressed plaintiffs who brought a claim of unreasonable delay against the USCIS for delay in adjudication of a waiver application and found that the claim of delay was not reviewable. *Id.* at 212-216. In *Gonzalez v. Cuccinelli*, 985 F. 3d 357, 364, 374 (4th Cir. 2021), where plaintiff there had unadjudicated Forms I-918 and I-765, the same as Plaintiff here, the Fourth Circuit found that the court lacked jurisdiction over unreasonable delay claims because USCIS was not required to adjudicate requests for work authorizations pending approval of U-visa petitions. *Id.* "Where neither Congress nor the agency itself has set forth standards requiring the agency to act, it is not the province of the federal courts to compel agency action."*Sarshartehran v. Rubio*, No. 7:24-CV-633, 2025 WL 1261787, at *9

[1] Plaintiff does not mention mandamus; Plaintiff's request for relief sounds in mandamus, but dismissal of Plaintiff's action under the APA would apply with equal force to any claim in mandamus based on the same premise. *See Joshua v. Jaddou*, No. 1:24-CV-00667-JRR, 2025 WL 449001, at *4-7 (D. Md. Feb. 10, 2025).

(W.D. Va. May 1, 2025)(citing *Lovo,* 107 F.4th at 216)("[B]ecause neither Congress nor USCIS itself has ever bound USCIS to adjudicate these applications, the federal courts lack jurisdiction to consider plaintiffs' APA claim."). As the Fourth Circuit stated in *Gonzalez*, "where an agency is not required to do something, we cannot compel the agency to act—let alone to act faster." 985 F.3d at 366.

This court lacks subject matter jurisdiction over Plaintiff's action.

Further, Plaintiff cites 5 U.S.C. § 555(b). (ECF No. 1 at 7). Fourth Circuit precedent forecloses applying APA/§ 555(b) in this case; the Fourth Circuit found the language in the APA/ § 555(b) "is not sufficient to create the discrete, non-discretionary duty required to enable judicial review of agency inaction under APA § 706(1)." *Turner v Blinken*, 2024 WL 4957178, at *5 (*citing Gonzalez*, 985 F.3d at 365-366).

Plaintiff cites 8 U.S.C. § 1571(b) as a timeline of 180 days, but "sense of Congress" language is nonbinding. *See Palakuru v. Renaud*, 521 F. Supp. 3d 46, 51 (D.D.C. 2021)(collecting cases). The statute 8 U.S.C. § 1571 cites § 1184. "[N]othing in § 1184(p)(6) requires the agency to do anything. In fact, the statute shows the agency action is discretionary." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021).

The Fourth Circuit recognized in *Lovo* that these waits included anguish, grants "would no doubt be life-changing," and delay "is sure to be incredibly stressful," but the court lacked jurisdiction to order the relief plaintiff sought. *Lovo*, 107 F. 4th at 217.

The Fourth Circuit Court of Appeals has already addressed Plaintiff's scenario in published recent case law and found the court lacked jurisdiction over unreasonable delay claims for the pending immigration forms. To the extent Plaintiff desires the court to perform *TRAC* factors (a

six-factor test articulated by the D.C. Circuit in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984)),(ECF No. 1 at 8-13), such test is only performed when completing a merit review if the court had jurisdiction and is not applicable here. *See Mafundu v. Mayorkas*, 699 F. Supp. 3d 1310, 1316 (S.D. Fla. 2023).

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process*.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 17, 2025
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).