IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Aura Doreli Alva Merida, | ) | Case No.: 4:25-cv-05420-JD-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Director of the United States Citizenship and Immigration Services, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 9), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report is about the Magistrate Judge's initial review of *pro se* Plaintiff Aura Doreli Alva Merida's ("Plaintiff") complaint.[1] (DE 1.)

**A.  Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes below for context.

Plaintiff, initially proceeding *pro se*, asks this court to compel Defendant the United States Citizenship and Immigration Services ("Defendant" or "USCIS") to make a decision on her pending Forms I-918 (Petition for U Nonimmigrant status),

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

I-918A (Petition for Qualifying Family Member of U-1 Recipient), and I-765 (Application for Employment Authorization) within 14 days. (DE 1.) Plaintiff alleges she completed these forms in December 2024 and received receipt numbers. (DE 1 at 4.) Plaintiff alleges there has been no action on her forms, and this delay has been harmful. (DE 1 at 5.) Plaintiff alleges her claims are under the APA.

**B.     Report and Recommendation**

The Magistrate Judge reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and on June 17, 2025, recommended dismissal of Plaintiff's original *pro se* complaint before service of process. After the issuance of the Report, Plaintiff retained counsel (DE 11) and filed a Motion for Leave to File an Amended Complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure (DE 12), along with objections to the Report (DE 13). Defendant has not been served, and no opposition to the Motion to Amend has been filed.

**C.     Legal Standard**

   **1.     Objections**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

(2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### 2. Rule 15 Amendments

Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2), Fed. R. Civ. P. "This directive 'gives effect to the federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities.'" *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir.2009). A request to amend should only be denied if one of three facts is present: "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.2006) (en banc).

An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995).

### D. Plaintiff's Objections and Motion to Amend

Although Plaintiff objects to the Report, the Magistrate Judge's initial review occurred under the Court's customary practice of screening *pro se* pleadings before service. Plaintiff is now represented by counsel and seeks leave to file an amended pleading that materially alters and narrows the claims presented initially. Under Rule 15(a)(2), leave to amend should be "freely given when justice so requires," and

3

the Court discerns no prejudice, bad faith, or futility sufficient to justify denying the amendment at this early stage. Because Defendant has not yet been served, permitting amendment will not disrupt any existing defense or briefing posture.

Once an amended complaint is accepted for filing, it becomes the operative pleading and supersedes the original complaint in all respects. In light of this procedural development, the Report—which analyzed only the original *pro se* complaint—no longer addresses the operative claims that will govern this action. So there is no need for the Court to reach the merits of the Report at this time. The more prudent course is to allow the case to proceed on the amended complaint, allow service of process to issue, and permit the defendant to raise any jurisdictional or Rule 12 challenges through the ordinary adversarial process.

### E. Conclusion

After a thorough review of the Report and the record, the Court declines the Report (DE 9) as moot in light of the filing of the amended complaint.

Accordingly, it is ORDERED that,

1. Plaintiff's Motion for Leave to File an Amended Complaint (DE 12) is GRANTED.
2. The Clerk is DIRECTED to docket the First Amended Complaint attached as Exhibit A to the motion and to issue a summons immediately.
3. The Magistrate Judge's Report and Recommendation (DE 9) is DECLINED AS MOOT in light of the filing of the amended complaint.
4. Plaintiff's objections to the Report (DE 13) are also DENIED AS MOOT.
5. Defendant shall answer or otherwise respond to the amended complaint within the time prescribed by the Federal Rules of Civil Procedure after service is effected.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 2, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.